LYMAN E. KLOTZ, Appellant, *v.* LILY B. N. FENN, as Executrix, etc., of ALBERT O. FENN, Deceased, Respondent, and Eleven Other Actions Against the Same Defendant.

HOGAN, J. The complaint in this action embodies the same causes of action set forth in the complaint in the case of *Klotz* v. *Angle, as Executor, etc.*, decided herewith.

In the present case a summons against the defendant was issued to the sheriff of Monroe county February 13th, 1913. The defendant was then temporarily absent from the state and personal service could not be made on her. On the 23d day of May, 1913, an order of publication was granted. The defendant appeared specially for the purpose of a motion to set aside the service of the summons and to vacate the order of publication. An order was there-

after made granting the application made by defendant. Upon appeal by plaintiff the order was affirmed by the Appellate Division, and an appeal allowed to this court.

The Appellate Division certified the following questions to this court:

"1. Had the Statute of Limitations of the state of Missouri become a bar to these actions when the summonses therein were delivered to the sheriff of Monroe county for service upon the defendants?

"2. Had the Statute of Limitations of the state of New York run against the cause of action set up in the complaint when the several orders of publication under which the summonses were served upon the defendant were respectively granted?

"3. Were such orders of publication granted within the period of sixty days next following the time limited for the actual commencement of the action by the Statute of Limitations of either the state of New York or the state of Missouri; that is within sixty days next following the running of the Statute of Limitations of either of these states?

"4. Was the defendant entitled to litigate the legality and validity of such orders of publication by a motion made upon affidavits on a special appearance for the purposes of the motion only?"

In the *Angle* case we determined that the contract between the parties was entered into in the state of Missouri and was to be governed by the laws of that state; that the cause of action arose in that state in the *Beer's* case March 23d, 1906, in the *Orthwein* case, January 1st, 1907; in the *Pittman* case October 29th, 1906; and that the Statute of Limitations of Missouri was to be applied in the manner and as of the dates stated in the opinion in that case.

In the present case Mr. Fenn, defendant's testator, died March 26th, 1910. Letters testamentary upon his estate were granted to defendant in this state September 13th, 1910. The time elapsing between the death of

defendant's testator and the issuance of letters testamentary was five months, seventeen days, which added to the five years under the Missouri statute, made the Statute of Limitations operative five years, five months and seventeen days from the time the causes of action arose, as follows:

| Cause of action. | Arose. | Statute became operative. |
| --- | --- | --- |
| 2. Beer | March 23, 1906 | September 9th, 1911. |
| 3. Orthwein. | January 1, 1907 | June 18th, 1912. |
| 4. Pittman | October 29, 1906 | April 15th, 1912. |

At the time the plaintiff attempted to commence this action by delivery of a summons to the sheriff, February 13th, 1913, the Statute of Limitations was a bar.

The order should be affirmed, with costs; the first and fourth questions certified answered in the affirmative; the second question not answered; the third question answered in the negative so far as such question pertains to the Statute of Limitations of the state of Missouri, otherwise not answered.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and POUND, JJ., concur; CARDOZO, J., dissents.

Order affirmed.